**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**BEAR FILM CO., a corporation, Respondent.**

**No. 13676.**

United States Court of Appeals, Ninth Circuit.

Jan. 11, 1955.

**232**

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Robert N. Anderson, George F. Lynch, Loring M. Post, Sp. Assts. to Atty. Gen., Charles W. Davis, Chief Counsel, Int. Rev. Service, Washington, D. C., for petitioner.

Paul E. Anderson, Valentine Brookes, Arthur H. Kent, San Francisco, Cal., for respondent.

Before HEALY and FEE, Circuit Judges, and WIIG, District Judge.

JAMES ALGER FEE, Circuit Judge.

The complicated state of facts from which the single question for decision here arises may be reviewed for background in our opinion in Vincent v. Commissioner of Internal Revenue, 9 Cir., 219 F.2d 228. However, the decision there has no relation to or effect upon the determination here.

▮ The question is:

"Whether the sum of $61,000 paid by taxpayer pursuant to a state court decree construed by the Tax Court as having effected a 'compound novation', represented, as held by the Tax Court, additional compensation for services rendered which was deductible by taxpayer for the year 1946 under Section 23 (a) (1) of the Internal Revenue Code."

This is the $61,000.00 which the state courts required Bear to pay to Virginia Hansen Vincent discharging the obligation of Albert Hansen to pay to her this sum in return for a release of Bear's liability to pay the same amount to the estate of Albert Hansen as additional compensation for the services of the latter previously rendered as president and manager of Bear.

The deduction was contested until the judgment of the state court became final in 1946. Payment was made in that year and represented a deductible amount as a business expense under § 23 (a) (1) (A) of the Internal Revenue Code, 26 U.S.C.A. § 23(a) (1) (A).

The Tax Court correctly allowed Bear to deduct the sum of $61,000.00 in 1946.

▮ The Commissioner believes this decision was correct and should be affirmed. Appeal was taken "for protective purposes only in the event that upon review of the decision of the Tax Court in the *Vincent* case this Court should reject the theory on which the Tax Court decided that case and formulate a new and different theory which might change the tax consequences with respect to Bear."

This may be an explanation, but it is hardly an excuse. As pointed out above, the ruling one way or the other in the Vincent case could have no effect here. The rulings of the state court, the Tax Court and the acquiescence of the Commissioner were correct.

The taking of the appeal was not justified, and we express our disapproval of such a step.

Appeal dismissed.

Before DENMAN, HEALY and POPE, Circuit Judges.